IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL BEZILLA,

    Plaintiff,

v.                                         Civil Action No. 5:17CV123
                                                        (STAMP)

TUG HILL OPERATING, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AS FRAMED DEFENDANT'S MOTION TO DISMISS COMPLAINT**

I. Background

The defendant, Tug Hill Operating, LLC, removed this civil action to this Court from the Circuit Court of Wetzel County, West Virginia. The plaintiff, Daniel Bezilla, commenced the civil action in state court seeking to terminate the defendant's oil and gas lease covering property in Green District, Wetzel County, West Virginia. The plaintiff alleges that he is the owner of the 182 net acres of oil and gas rights on and under a 182-acre tract of real estate, and that the defendant is the successor, lessee, and/or assignee of the working interest rights in the oil and gas lease. In the alterative, the plaintiff seeks compensatory, expectation, and punitive money damages for claims for alleged breach of the oil and gas lease and for trespass on the subject property.

The defendant filed a motion to dismiss the plaintiff's complaint for failure to state a claim. The defendant contends that the entire complaint should be dismissed because the plaintiff

cannot state a claim for termination of the lease without the consent of his mineral-interest cotenants. The defendant further contends that the plaintiff's claims for forfeiture must be dismissed because legal remedies exist for the claims. The defendant also argues that the claim for abandonment should be dismissed because the plaintiff's own allegations show that the defendant took affirmative steps to operate the lease. Additionally, the defendant argues that Count I, which alleges a claim for breach of an implied duty to develop, is legally deficient because such a claim is not recognized as an independent cause of action under West Virginia law. The defendant argues that Counts VI and VII, which allege damages related to the surface estate, cannot stand because the plaintiff does not own the surface estate. Thus, the defendant asks that either the complaint be dismissed in its entirety for lack of consent of the cotenants or, alternatively, that specific Counts I, VI, and VII be dismissed as well as the requested relief of forfeiture and the claim for abandonment.

The plaintiff did not originally file a response to the defendant's motion. The Court then scheduled a status conference and oral argument on the motion to dismiss after finding discrepancies between the complaint and the motion to dismiss regarding the ownership of the subject property and the appropriate lease governing that ownership. In the complaint, the plaintiff

2

refers to a lease filed in Wetzel County Deed Book 180 at page 325, dated November 24, 2007, but does not attach the lease to the complaint. In the motion to dismiss, the defendant attaches a lease that begins on page 234 of Volume 90A. The lease is dated November 14, with no year included, but the notary's signature indicates that the lease was notarized on November 14, 2007. The lease lists Jeremy Sutton as the lessor, and plaintiff Daniel Bezilla and others as the lessees. The defendant also attaches a deed from Slim Chance, Ltd., to James W. Yoho, dated February 20, 1986, and recorded in Wetzel County, West Virginia. To resolve these discrepancies, the Court extended the plaintiff's time to respond to the motion to dismiss. Also, the Court cannot grant a dispositive motion by default, but rather must consider the motion on the merits. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'"). The Court indicated that the plaintiff's response should, at a minimum, (1) identify all owners of the subject property, (2) explain why the other owners' joinder or consent is not necessary, and (3) attach any documents necessary to fully show the ownership of the subject property.

The defendant's motion to dismiss is now fully briefed and ripe for decision. For the following reasons, the motion to dismiss must be granted as framed.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of

the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

As directed by the Court, the plaintiff addresses in his response the ownership of the subject property. The plaintiff states that the property is owned by the plaintiff, J. Wells Eakin, James W. Yoho, and Judith A. Yoho, who all entered into a lease with Sutton Exploration and Production Co. on November 14, 2007. The plaintiff states that the same parties modified the lease on July 20, 2009, to correct the formations the leases affected and to

correct the fact that the lessors have been listed as lessees and vice versa on the original lease.

The plaintiff has not obtained the cotenants' consent to this litigation. However, the plaintiff argues that their consent is not required based on his interpretation of <u>Fredeking v. Grimmett</u>, 86 S.E.2d 554 (W. Va. 1955), which held that "there can be no forfeiture of the lease by less than all the tenants in common who own undivided interests in the property." 86 S.E.2d at 564. Specifically, the plaintiff contends that, while the lease in <u>Fredeking</u> was entered into by one original lessor who then died and left both the real property and the existing lease to his heirs, the real property in this case was divided before the current leases were created. The plaintiff also notes that the <u>Fredeking</u> court attempted to understand and apply the intent of the original lessor and lessee, and argues that, in this case, the intent of the leasing parties has not been implemented by the development companies that have held the lease. Additionally, the plaintiff points out that mineral rights on and under the same tract of land are regularly treated as individual and separate real property interests by the oil and gas industry, the government, and the legal profession.

The plaintiff further argues that there is an exception to the general rule that "equity abhors a forfeiture." The plaintiff cites <u>Doddridge County Oil and Gas Co. v. Smith</u>, 154 F. 970 (N.D.

W. Va. 1907), which states that "forfeiture is favored, when, instead of working a loss or injury contrary to equity, it promotes justice and equity and protects the owner against the indifference, laches, and injurious conduct of the lessee." 154 F. at 978. The plaintiff argues that the exception should apply in this case because the defendant has produced gas from only one vertical well on the 182-acre tract. Lastly, as to the breach of contract claim, the plaintiff argues that, while it is true that he does not own the surface rights, the lessors negotiated for the right to control the surface.

This Court finds, however, that the plaintiff fails to distinguish Fredeking from this case. It is clear to this Court that, under Fredeking, a lessor cannot unilaterally terminate a lessee's ability to develop acreage properly under lease without the consent of all of the cotenants. See Fredeking, 86 S.E.2d at 564 (finding that doing so places the lessee "in [an] inequitable position" because the lessee "is still liable as a lessee to some of the tenants in common, although he cannot enjoy any of the benefit of his lease without becoming a trespasser"). Furthermore, the Court agrees with the defendant that the plaintiff has taken the Fredeking court's discussion of lessor intent out of context. As the defendant points out, the relevant discussion in Fredeking actually stands for the proposition that West Virginia law does not allow for partial forfeiture. See id. (finding that partial

7

forfeiture "leav[es] the lessee bound to part of the heirs but denied all practical benefits under the lease," creating a "sort of tenancy which . . . it would be unreasonable to hold that the lessor and lessee intended or contemplated").

Additionally, the plaintiff's argument that "mineral rights on and under the same tract of land are regularly treated as individual and separate real property interests" cannot be reconciled with the holding in <u>Fredeking</u>. ECF No. 11-1 at 3. The fact remains that the mineral interest is leased jointly with the other owners of minerals underlying the same tract. Thus, the plaintiff cannot seek to unilaterally terminate the lease without the consent of his cotenants.

Accordingly, this Court must grant the defendant's motion to dismiss based solely on lack of consent from the cotenants. However, the motion to dismiss is granted without prejudice to a refiling with proper cotenant consent. Should the plaintiff file a new complaint with cotenant consent, the Court notes that any issue of forfeiture or implied duty to develop raised in the new complaint would then be dealt with under West Virginia law. For those reasons, the defendant's motion to dismiss the complaint is granted, as framed.

## IV. <u>Conclusion</u>

For the reasons set forth above, the defendant's motion to dismiss the complaint (ECF No. 4) is GRANTED AS FRAMED, without

8

prejudice to refiling with cotenant consent.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   November 13, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE